UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME AND
DOLORES CROWTON,

       Plaintiffs,                         Case No. 18-cv-10232
                                                 Hon. Mark A. Goldsmith
vs.

BANK OF AMERICA,

       Defendant.
_____/

# OPINION & ORDER
## GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. 15)

This matter is before the Court on Defendant Bank of America's motion for judgment on the pleadings (Dkt. 15). Briefing on the motion is complete. Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2). For the following reasons, the Court grants Bank of America's motion.

## I. BACKGROUND

Plaintiffs Jerome and Dolores Crowton reside at 4139 Havens Road, in Dryden, Michigan. Compl. ¶ 1 (Dkt. 1-2). A warranty deed, dated October 2, 1975, shows that Richard and Barbara Hewelt conveyed to the Crowtons 2.50 acres of land, described as follows:

> Part of the Northwest ¼ of Section 15, T6N-R11E, Dryden Township, Lapeer County, Michigan, described as beginning North 00º 41' 30" West 1005.5 feet along the West line from the West ¼ corner of said section; thence continuing North 00º 41' 30" West 311.0 feet along the West line of said section; thence North 89º 57' East 350.0 feet; thence South 00º 41' 30" East 311.20 feet; thence South 89º 59' West 350.0 feet to the point of beginning. Containing 2.50 acres including that portion reserved for Havens Road so-called. This Deed is to correct the legal description as appears on

1

>the deed dated August 7, 1975 and recorded in Liber 408 Page 683 of Lapeer County Record.

1975 Warranty Deed, Ex. A to Compl. (Dkt. 1-2). Another warranty deed, dated December 27, 1988, shows that Richard and Barbara Hewelt conveyed to the Crowtons 9.359 acres of land, described as follows:

> Part of the Northwest ¼ of Section 15, Town 6 North, Range 11 East, Dryden Township, Lapeer County, Michigan, described as: Beginning North 00º 41' 30" West 1005.5 feet along the West line from the West ¼ corner of said section; thence continuing North 00º 41' 30" West 311.0 feet along the West line of said section; thence North 89º degrees 57' East 1310.62 feet; thence South 00º 25' 30" East 311.55 feet; thence South 89º 59' West 1309.16 feet to the place of beginning. Containing 9.359 acres including that portion reserved for Havens Road so-called.

1988 Warranty Deed, Ex. 1 to Def. Mot. (Dkt. 15-2).

On May 9, 2005, the Crowtons took out a mortgage with Bank of America.[1] See Mortgage, Ex. B to Compl. (Dkt. 1-2). The description of the property encumbered by the mortgage, attached as Exhibit A to the mortgage, is identical to the description of the property on the 1988 Warranty Deed; that is, it states that it contains 9.359 acres. Id. at PageID.21. The mortgage also states that the "Real property tax identification number is 007-015-025-00." Id. at PageID.19. The Crowtons state that they owned two separate parcels of real property – one was 2.5 acres and had parcel ID number 44-007-015-025-00; the other was 6.86 acres and had parcel ID number 44-007-015-023-00. Compl. ¶ 4; see also Tax Documents, Ex. C to Compl. (Dkt. 1-2). The Crowtons allege that they "intended and believed" that they granted Bank of America a mortgage on the 2.5-acre parcel of land, not the entire 9.359 acres. Compl. ¶ 5.

---

[1] The mortgage was entered into with Standard Federal Bank, N.A., Bank of America's predecessor. See Compl. ¶ 2. For ease of reference, the Court will simply refer to Bank of America as the mortgage-holder.

On October 19, 2015, the Crowtons sold 6.86 acres of their land to their daughter, Julie Parvin, and her husband Michael Parvin. Id. ¶ 6. Bank of America later foreclosed on the Crowtons' property – all 9.359 acres – and a sheriff's sale occurred on June 7, 2017. Id. ¶¶ 7-8, 10. The Crowtons allege that Bank of America is wrongfully trying to foreclose on two parcels, including one on which it had no mortgage lien. Id. ¶ 19. They also allege that they did not receive proper notice of the sheriff sale or of the six-month redemption period. Id. ¶ 11-12. The Crowtons filed suit in state court, alleging breach of contract and asking the court to quiet title to the property with Tax ID number 44-007-015-023-00, i.e., the 6.86-acre parcel. Bank of America then removed the case to this Court and filed the instant motion.

## II. STANDARD OF DECISION

Bank of America moved under Federal Rule 12(c) for judgment on the pleadings. Any party may move for the entry of a judgment after the pleadings are closed, but early enough not to delay trial. Fed. R. Civ. P. 12(c). Courts apply the same analysis to motions for a judgment on the pleadings under Rule 12(c) as is applied to applications for dismissal under Federal Rule of Civil Procedure 12(b)(6). Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 581 (6th Cir. 2007). However, a court need not accept as true legal conclusions or unwarranted factual inferences. Id. at 581-582.

When evaluating a motion for a judgment on the pleadings, a court considers the complaint, the answer, and any written instrument attached as exhibits. Fed. R. Civ. P. 12(c). A court should also consider any undisputed facts. Stafford v. Jewelers Mut. Ins. Co., 554 F. App'x 360, 369-370

3

(6th Cir. 2014) (taking judicial notice of undisputed facts in documents considered by district court on ruling on 12(c) motion); see also Knutson v. City of Fargo, 600 F.3d 992, 999-1000 (8th Cir. 2010) (holding, on review of 12(c) dismissal, that district court could take judicial notice of a publicly available state-court argument, which involved a concession by the appellant).

### III. ANALYSIS

Bank of America offers several reasons why this case should be dismissed. As an initial matter, it argues that the redemption period has expired, and the Crowtons therefore cannot challenge the foreclosure. Def. Mot. at 11. The Court agrees.

Foreclosures by advertisement are governed by statute under Michigan law. Conlin v. Mortgage Elec. Registration Sys., Inc., 714 F.3d 355, 359 (6th Cir. 2013). Michigan statutes provide the mortgagor six months after the sheriff's sale in which to redeem the foreclosed property. Id. (citing Mich. Comp. Laws § 600.3240(8)). "Once this statutory redemption period lapses, however, the mortgagor's right, title, and interest in and to the property are extinguished." Id. (internal quotations omitted). After this point, a court "can only entertain the setting aside of a foreclosure sale where the mortgagor has made 'a clear showing of fraud, or irregularity.'" Id. (quoting Schulthies v. Barron, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969)). But not any type of fraud will suffice – "the misconduct must relate to the foreclosure procedure itself." Id. at 361.

Michigan law requires the notice of foreclosure to be published for four successive weeks, at least once per week, in a newspaper published in the county where the premises to be sold are situated. Mich. Comp. Laws § 600.3208. Additionally, a notice of foreclosure must be posted "in a conspicuous place upon any part of the premises described in the notice" within fifteen days after the first publication of the notice. Id.

Here, the sheriff's sale took place on June 7, 2017; the redemption period expired on December 7, 2017. The Crowtons did not file their complaint until January 11, 2018. Therefore, they can only challenge the foreclosure if they allege misconduct relating to the foreclosure proceeding itself.

The complaint alleges that the Crowtons "did not receive proper notice of this sheriff's sale." Compl. ¶ 11.[2] However, the Sheriff's Deed – attached as an exhibit to Bank of America's motion – includes an affidavit of posting by Scott Witmer, who states that on May 20, 2017, he posted "a notice, a true copy of which is annexed hereto, in a conspicuous place upon the premises described in said notice by attaching the same in a secure manner to 4139 Havens Rd, Dryden, MI 48428." Ex. 4 to Def. Mot. at PageID.285 (Dkt. 15-5). The notice, included on the same pages of the sheriff's deed as Witmer's affidavit, identified the premises and stated that a foreclosure sale was to be held on June 7, 2017. Id. It further stated that the redemption period "shall be 6 months from the date of such sale[.]" Id. The Sheriff's Deed also contains an affidavit of publication from Stacy Hulber, who says that notice of the foreclosure sale was published in The County Press on May 10, May 17, May 24, and May 31, 2017. Id. at PageID.284.

Thus, the Crowtons' allegation that they did not receive proper notice of the foreclosure sale conflicts with the affidavits in the Sheriff's Deed. However, Mich. Comp. Laws § 600.3256(1)(c) provides that "[a]ny party desiring to perpetuate the evidence of any sale made in pursuance of the provisions of this chapter, may procure . . . [a]n affidavit setting forth the time,

---

[2] In their response to Bank of America's motion, the Crowtons elaborate that they "found the sheriff sale notice in the weeds by the road in front of their home after the sale had already taken place . . . which prejudiced their ability to take any action prior to the sheriff's sale taking place." Pl. Resp. at 2 (Dkt. 21). This allegation is not part of the pleadings and, at any rate, does not refute the affidavit in the Sheriff's Deed which states that the notice was placed in a conspicuous place upon the premises in a secure manner.

manner and place of posting a copy of such notice of sale to be made by the person posting the same." The party may also procure "[a]n affidavit of the publication of the notice of sale . . . to be made by the publisher of the newspaper in which the same was inserted, or by some person in his employ knowing the facts[.]" Id. § 600.3256(1)(a). These affidavits are "presumptive evidence of the facts therein contained." Id. § 600.3264.

The Crowtons' conclusory allegations that they did not receive the statutorily-required notice do not serve to rebut the affidavits included in the Sheriff's Deed. See Derbabian v. Bank of Am., N.A., 587 F. App'x 949, 956 (6th Cir. 2014) ("[T]he bare assertion that the defendants failed to give 'required notices' does not meet the minimal pleading standards of Rule 8. More importantly, the sheriff's deed reflecting the foreclosure sale shows that the [plaintiffs] were given the statutorily required notices."); Haywood v. RoundPoint Mortgage Serv. Corp., No. 18-10111, 2018 WL 3159624, at *4 (E.D. Mich. June 28, 2018) (where plaintiff alleged that notice of intent to foreclose was not posted on the property, and defendant provided a copy of the affidavit in the Sheriff's Deed attesting that it was, "[t]he affidavit prevails"). As such, the Crowtons have failed to allege an irregularity in the foreclosure proceedings, such that the foreclosure could be set aside after the redemption period has expired. Their right, title, and interest in and to the property are extinguished.

The Crowtons' claims also fail on the merits. In order to prevail on a breach of contract claim, the Crowtons must show "(1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach." Greater Faith Transitions, Inc. v. Ypsilanti Cmty. Schs., No. 338916, 2018 WL 2448636, at *2 (Mich. Ct. App. May 31, 2018) (quoting Miller-Davis Co. v. Ahrens Constr., Inc., 848 N.W.2d 95, 104 (Mich. 2014)). The Crowtons claim that Bank of America breached the mortgage contract by foreclosing on two

6

parcels of property – the 2.5-acre parcel and the 6.86-acre parcel – when it only had a mortgage lien on one. Compl. ¶¶ 17-22.

As with any contract, the clear and unambiguous language in the mortgage is controlling. See Burkhardt v. Bailey, 680 N.W.2d 453, 464 (Mich. Ct. App. 2004) ("[W]hen the language of a document is clear and unambiguous, interpretation is limited to the actual words used . . . ."). Here, the legal description of the property on the mortgage (as well as the 1988 Warranty Deed and the Sheriff's Deed) quite clearly states that it is for 9.359 acres. See Mortgage at PageID.21 ("Containing 9.359 acres including that portion reserved for Ravens [sic] Road so-called.").

The Crowtons have two arguments as to why this does not settle the matter. First, they contend that there are two separate parcels of property, based on the fact that the 2.5-acre parcel has tax ID number 44-007-015-025-00 and the 6.86 parcel has tax ID number 44-007-015-023-00. Compl. ¶¶ 4-8. The mortgage states that it concerns tax ID number 44-007-015-025-00. Id. ¶ 3; Mortgage at PageID.19 ("The Real Property tax identification number is 007-015-025-00.").

But as Bank of America points out, the Crowtons "are conflating the property legal description required to convey certain property and the tax identification number." Roche v. Citimortgage, Inc., No. 14-cv-11424, 2016 WL 5661580, at *8 (E.D. Mich. Sept. 30, 2016) (rejecting plaintiffs' argument that because their mortgage identified only one parcel number, only that parcel was encumbered by the mortgage and property with another parcel number was not). The "tax identification number, relevant to the taxing authority, is not relevant to the identification of the conveyed, assigned or encumbered property." Id. The mortgage sets forth the legal description of the property for the purpose of encumbering the property, and here the legal description is of the entire 9.359 acres. The Crowtons' argument on this point fails.

7

Second, the Crowtons claim in their response to Bank of America's motion that they never saw the legal description of 9.359 acres on the mortgage. Pl. Resp. at 2. They contend that the legal description, attached as Exhibit A to the mortgage, "looks like it was cut and pasted into the document because it is a different font and it is inserted at an angle." Id. The Crowtons attach a different version of the mortgage as an exhibit to their response, which does not contain any legal description of the property. Mortgage, Ex. 1 to Pls. Resp., at PageID.361 (Dkt. 21-1).

On a motion for judgment on the pleadings, the Court considers "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." Rinear v. Capital Mgmt. Servs., LP, No. 12-958, 2013 WL 1131069, at *2 (S.D. Ohio Mar. 18, 2013) (quoting L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011)). The complaint makes no reference to a version of the mortgage that does not contain a legal description; in fact, the complaint attaches and refers to the version of the mortgage that does contain the legal description of 9.359 acres. Mortgage, Ex. B to Compl., at PageID.21. Additionally, the version of the mortgage that the Crowtons attach to the response does not show that it was ever recorded. As such, it is not a publicly-available document, and thus this Court cannot take judicial notice of it. Cf. Euton v. City of Dayton, No. 04-258, 2009 WL 3177625, at *3 (E.D. Ky. Sept. 30, 2009) ("Ordinarily, federal district courts may not consider matters outside the four corners of the complaint while reviewing Rule 12 motions, but courts may take judicial notice of matters of public record without converting the motion to dismiss into a summary judgment motion."). In contrast, the mortgage that was attached to the complaint reflects that it was recorded on May 18, 2005, at 1:27:30 PM, by Melissa R. Devaugh at the Lapeer County Register of Deeds. Id. at PageID.19. Thus, the Court can consider only the recorded version of the mortgage, which shows that it encumbered 9.539 acres.

The Crowtons also assert a claim to quiet title. Compl. ¶¶ 23-27. To state a claim to quiet title, the complaint must allege "a) the interest the plaintiff claims in the premises; b) the interest the defendant claims in the premises; and c) the facts establishing the superiority of the plaintiff's claim." Gagacki v. Green Tree Serv. LLC, No. 14-11378, 2015 WL 93476, at *3 (E.D. Mich. Jan. 7, 2015) (citing Mich. Ct. R. 3.411(B)(2)(a)-(c)). Here, the Crowtons have failed to set forth facts that establish the superiority of their claim; nor could they legitimately make such allegations. As explained above, Bank of America has validly foreclosed on the property at issue; as the redemption period has expired, the Crowtons' "right, title, and interest in and to the property are extinguished." Conlin, 714 F.3d at 359. Therefore, the Crowtons cannot show that their claim is superior to Bank of America's.[3] This claim is dismissed.

## IV. CONCLUSION

For the reasons provided, the Court grants Defendant Bank of America's motion for judgment on the pleadings (Dkt. 15).

SO ORDERED.

Dated: February 4, 2019　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[3] Nor is the Crowtons' claim to quiet title based on the Parvins' allegedly superior claim legally viable. They have no standing to challenge the title of their vendee. Warth v. Seldin, 422 U.S. 490, 499 (1975) ("[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.").

9